May it please the court, my name is Carol Lelewski and I represent the appellant in this case, Warren Armstead, and I'd like to reserve two minutes for rebuttal. Good morning. There are two simple issues requiring remand in this case. The first is that the district court committed legal error when it refused to consider acceptance of responsibility for Mr. Armstead for the reason that he had exercised his Sixth Amendment right to go to trial. In the court stated, my reading once again of that guideline provision is that not only post conviction, but post sentencing epiphanies do not apply, do not qualify, sorry. In other words, once you go to trial, you are ineligible for the adjustment. You know, I read that, but then if you go to the page before, this is the one statement of the judge that I keep coming back to and I would like you to focus on it. The district court said it was impossible for the court to accept your client's statements at resentencing that he was merely a co-conspirator. So it seemed to me that he made a factual finding that both before and after and at resentencing, after we had remanded it, that your client basically didn't step up to the plate. He said, look, I'm not a leader, I'm just a mere co-conspirator, and he never would go any further than that. Why isn't that a factual finding that we look at for clear error that makes it a difficult hurdle for you to leap? I don't believe the court denied acceptance for that reason, because acceptance isn't premised on agreement with all of the enhancements under the guidelines. Acceptance is only premised on admission of the offense conduct and not denying or admitting the relevant conduct. A defendant is perfectly able, once they accept that responsibility, to go ahead and contest various enhancements that the government wants to impose. Mr. Armstead at sentencing didn't argue, I didn't give the ID documents to my co-conspirators. He didn't dispute the facts. He didn't say, I didn't take half the proceeds. What he said was, what I did didn't amount to leadership. And in fact, in his case, he just couldn't get his mind around what we consider a leader legally. But his factual, he never disputed the facts of what he did, which is all he's required to do for acceptance. This case- Did the jury find that he was a leader and organizer? Yes, Your Honor. And did he ever concede that he wasn't? Did he accept responsibility for being that? He accepted two points. He said, you know, he's partway there in his, at the resentencing. At the first- And he's partway there? It was an ambiguous, because two points is really, if you're not a leader organizer, more than five or more people. So I don't know where they came up with the two points, but it seemed like he was willing to go partway there, but he just couldn't see himself as a leader. And not because of what he did factually. He just believed that everybody else came to the crimes the same way he did, because of their drug addiction. He didn't lead anybody to the crimes, but he didn't deny that he took half the proceeds and that he gave them the IDs that they needed and the other elements that were the offense conduct. This case falls squarely within Cortez. In that case, the district court denied acceptance for reasons that were slightly unclear. They appeared to be because the defendant had gone to trial. There was no other, there was no other analysis of this issue in the record. And under those circumstances, this court remanded to make sure that the district court didn't deny acceptance for unlawful reasons. And I believe that this is exactly what's required to happen in this case. So is the heart of your argument that there's a legal misunderstanding on the part of the district court as to post-conviction statements? You know, it's hard to find out precisely what the legal error is, if you could focus on that. Well, the legal error is that he denied the acceptance for the fact that he went to trial. Okay. Well, I have to say, I didn't get that from your brief completely. I mean, I thought, because it didn't seem that that was the reason the acceptance was being denied from the district court. So maybe I'm having a disjunction between your argument and what the district court was saying. Can you point out, Your Honor, I'm sorry, which of the district court statements you're referring to? Well, I'm just, I... You said the page before, so on page 46. Page 46 about it's impossible to accept. This was that resentencing, that he was a mere court conspirator. So maybe you can show where you think the district court actually tagged him with going to trial. Well, I think what the court is saying here is he doesn't get, he has to have the role adjustment. He wasn't a mere court conspirator. He was a leader. But what the court said about the tag to him about not going to trial was at page 47. The next page, I want to find it so I can print it out for you. It is in the last full paragraph. My reading, once again, of that guideline provision is that not only post-conviction, but post-sentencing epiphanies don't qualify. Because this is post-sentence, it's post-conviction, you don't get acceptance. I think it's important to recognize that most of the times the acceptance determination is made prior to sentencing. The parties agree that the person gets acceptance, and then you go to sentencing and you argue all the sentencing factors. That's not inconsistent with acceptance of responsibility. But it's not inconsistent. I read that as saying that at the end, after everything else is done to come up, but to fight on being a leader during the course of trial, you say that's legal error. It was legal error because... And even though when it came to the end of trial, he still wouldn't go, he wouldn't, he would not accept the level of responsibility that the jury find him? He contested at the first resentencing the jury finding because he submitted that there was not sufficient instruction to the jury. So he raised a solely legal argument to that at the first resentencing. Okay. And at the second resentencing, he didn't, this wasn't developed because the court wasn't really interested in this, but he did say, and he did say, I accepted responsibility, I was wanting a plea deal, and all along the way, Your Honor, I was just telling the judge, I'll take a plea bargain. You know I don't want to go to trial, but I was not their leader. And so this was his undisputed statement at sentencing, that he would have taken a plea deal if he didn't have this leadership role, which he couldn't get around. The government came back at page 39 and said, well, you want to clarify, we offered him several deals, but they didn't dispute the substance, which is that he didn't take the plea solely because he was hung up on the leadership. And it's important to note here that the sentencing judge was not the judge involved to the negotiations that were pre-trial. The sentencing judge was just appointed the day of trial, so had no personal knowledge of Mr. Armstead's contrition or acceptance of responsibility prior to that. The second legal reason for remand is the district court failed to consider Mr. Armstead's parity argument regarding the sentences of his eight co-conspirators. The only argument Mr. Armstead made under 3553A6 was to the court, look at my eight co-defendants, look at me, our conduct was similar, I should be getting the range of their sentences. Now, there are plenty of cases in this court and the Supreme Court that say the context of the decision shows when the district court actually did consider a factor, even though it's not in the record. We have sort of the opposite situation here, because the context requires a finding that the district court did not consider this argument. When Mr. Armstead asked it only to look at these eight co-defendants, it page 50 it says, I did not find an absence of fortunality between the individuals that I sentenced and the sentence that will be imposed on Mr. Armstead. And the district court didn't sentence any of Mr. Armstead's co-defendants. So we don't know who he was comparing Mr. Armstead's sentence to, but it wasn't any of the people that Mr. Armstead had asked him to. And I'll reserve the rest for rebuttal. All right. May it please the court. Good morning. My name is Tessa Gorman. I'm an assistant United States attorney representing the United States in this matter. The district court in this case was in the ideal position to find the facts and to judge their import ultimately against the 3553A factors. But I want to address counsel's argument regarding the acceptance of responsibility reduction. First of all, it's clear from the record that the context of the argument in this case was from the basis that the parties believed the court was legally, the court could legally apply the reduction. But rather they were focused on the facts of the case and whether or not the facts of this case were worthy of that reduction. Indeed, the defendant even briefed United States versus Cantrell in a footnote recognizing that the court in rare circumstances and when a defendant shows a sincere contrition, could it make the adjustment. And this court has, in its jurisprudence, has said clearly that in an ordinary case, a defendant who pleads not guilty and is then convicted will have a difficult time convincing the trial court that his subsequent acceptance of responsibility for his actions is anything but a self-serving and insincere expression. I guess the difficulty here is that that might be true. And the guideline says principally or primarily pretrial. But it leaves open that possibility. The question is whether the trial judge here or the sentencing judge, I should say, close that off when he basically says these kind of epiphanies do not qualify, which is fairly categorical. How do you get around? Now, maybe you'll come out the same way, but how do you get around that legal problem? Well, I actually think you're under the context. And I agree maybe the court could have chosen its words differently. But the context of the pleadings and the case before the court on sentencing made it clear that he did understand that he could legally apply the reduction of responsibility. And none of the parties argued that the court was legally precluded from that. No one suggested at all that the court lacked the discretion to do so. I would say that at ER 62, which is the defendant's sentencing memoranda, the defendant lays out the law of the circuit and applying the acceptance of responsibility adjustment in rare cases when there is sincere contrition. And this court assumes that the district court follows the law. The district court itself said, I've read the party's sentencing memoranda. So I think we can say from that context, the record is clear that we were operating, the court was operating in the assumption that the acceptance responsibility reduction could legally be applied. And I don't think there's any doubt that there was no clear error in making that ultimate decision. Mr. Armstead came before the court expressing and literally saying, I have remorse. But everything about his statement actually was all about minimization. Do you agree that he doesn't have to jump up to the plate and say he was the leader? He said, look, I did it. You know, here's the situation with the IDs. Yes, I did it. I was there. And then it's a question of whether he's remorseful about that and not about his leadership role. Well, I say that's a question for the district court and the court making findings of fact. And the court had before it. Well, I guess maybe I'm not precise. Do you agree with counsel that he doesn't need to agree that he had a leadership role in order to qualify as taking responsibility and having sufficient remorse? Not in the facts of this case, Your Honor. The government's entire theory of conviction and the jury's verdicts of guilt rely precisely on Mr. Armstead's leadership role. That was the only theory of conviction in this case. Mr. Armstead never went into a bank himself. He never went into a retailer himself. So the whole theory of the case was that he was the leader orchestrating behind the scenes, sending these broken individuals into the banks, into the retailers to do his bidding. And he was the only individual who got 50% of all the profits. So the conviction, notwithstanding that special finding of the jury, but the conviction really was necessitated upon that exact theory that he was the leader. And I would suggest that although in Mr. Armstead's sentencing memoranda, he suggests he would accept two points of leadership, nothing in his statement before the court was anything approaching that. He just kept saying, I'm not the leader. I'm a co-conspirator, which is absolutely belied by all the evidence in the case. And so the court, considering all those facts, was certainly within its discretion to say Mr. Armstead was not eligible for that reduction. And I just would like to note one other thing. The suggestion that it was a punishment for right to trial, obviously there are the leadership adjustment, but also in the first sentencing hearing, the district court explicitly addressed that argument that Mr. Armstead had made at that time, saying he absolutely was not punishing Mr. Armstead for his right to go to trial. And in fact, he had that right and it had nothing to do with the court's sentence in the case. As for disparity, the court had plenty of information before it regarding the sentences of all the co-conspirators. Indeed, the pre-sentence report laid those out in detail for the court, the counts of conviction plus the sentences those co-conspirators received. And the defendant's own sentencing memorandum laid out the sentences of the co-conspirators. The co-conspirators' roles were discussed extensively throughout the trial. The court was in a great position to judge Mr. Armstead's role versus and vis-a-vis the other co-conspirators' roles. But more importantly, of course, the court was in a position to decide whether or not the sentences they received were unfairly disparate. The court clearly considered the factor, and as this court's jurisprudence makes very clear, the court is not required to explicitly even discuss the factor, but this court did. And the factor, the evidence in the record in this case makes clear that the court considered it extensively. And indeed, the disparity argument goes hand-in-hand with the leadership argument, which was the discussion, again, at the second sentencing hearing and throughout the case. One of the things that troubled me is that I think there were eight other co-defendants, four of them did not cooperate, and yet they received fairly substantial reductions. There's no discussion in the record about the, why Armstead, vis-a-vis those four, as opposed to sort of the collective, wasn't being disparately treated. How do we parse that? I would say the most immediate difference is his leadership role, and as this court has said, and I think this was green, that is a reason enough for disparity that makes disparity not unreasonable. In this case, no other defendant had any leadership role besides Mr. Armstead. In addition, the loss amount associated with Mr. Armstead was higher because he was the only individual, because he was the leader, involved in the conspiracy for the entire length of time. He was the one, of course, who devised it and organized it. And he was the only defendant connected with every single one of the 150 individual victims in this case. So his, on the facts, his case was so strikingly different than all the other co-defendants. But I'd say on the law, this court has found that the leadership adjustment alone can be a reason for disparity. I would note that their guideline range, of course, was much lower than Mr. Armstead's for the reasons of loss and leadership. I know the court has had extensive briefing on this case. If the court doesn't have any questions for me, I'd ask that the court affirm the district court. Thank you. You have some time for rebuttal. Your Honors, if the record were silent on either the acceptance issue or the disparity issue, the government would have an argument that we could, the court decided it by the context. But we have in the record the court saying post-sentencing and post-trial epiphanies don't count for the acceptance issue. And would have the court in the record on the disparity issue saying, I looked at the sentences of everybody that I sentenced in this case, and there's no disparity. So under these circumstances, the government's argument does not succeed. I'd like to just spend one minute on the substantive unreasonableness, well 40 seconds. I made, I presented a lot of material. And the government doesn't argue that it was incorrect or misleading, but that the court can't look at it under 10A. And we addressed 10A in the papers. I just want to suggest that this really isn't a 10A situation, substantively and analytically. The material that I provided is analogous to material set of data and statistics such as are provided by the United States Sentencing Commission. Such as the source book that I cited in my second supplemental authorities letter. It's not facts that go to any issue and dispute at the trial court. It's just data that provides larger context for this court to make the substantive reasonableness decision. And for all of these reasons, I ask the court to reverse and remand Mr. Armstead's sentence. Thank you. I'd like to thank you both for your argument this morning. United States versus Armstead is submitted.
judges: McKeown, Fisher, Gould